**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEOVANNI ROSA-DEJESUS,<br><br>Petitioner,<br><br>v.<br><br>JAY FORSHEY, WARDEN,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-CV-02493-JJH<br><br>JUDGE JEFFREY J. HELMICK<br><br>MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG<br><br>**REPORT & RECOMMENDATION** |

## I. INTRODUCTION

Petitioner, Geovanni Rosa-DeJesus ("Mr. Rosa-DeJesus"), seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Mr. Rosa-DeJesus is serving a sentence of life without the possibility of parole after being convicted of rape and gross sexual imposition.

Mr. Rosa-DeJesus asserts a single ground for relief. Respondent, Warden Jay Forshey ("Warden"), filed an answer/return of writ on February 19, 2026. (ECF No. 8). Mr. Rosa-DeJesus filed a traverse on April 30, 2026. (ECF No. 10). This matter was referred to me on November 26, 2025 under Local Rule 72.2 to prepare a report and recommendation on Mr. Rosa-DeJesus' petition. (*See* ECF non-document entry dated November 26, 2025). For the reasons set forth below, I recommend that Mr. Rosa-DeJesus' petition be DISMISSED. I also recommend that the Court not grant Mr. Rosa-DeJesus a certificate of appealability.

## II. RELEVANT FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C.

§ 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Ohio Court of Appeals for the Ninth Appellate District summarized the facts as follows:

> {¶2} In June 2021, an indictment was filed charging Rosa-DeJesus with five counts of rape in violation of R.C. 2907.02(A)(1)(b), (B) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2). Three of the rape counts included the allegation that the victim was under the age of ten years old at the time of the offenses. The offenses took place between March 2012 and December 2020. The victim was Rosa-DeJesus' niece.
>
> {¶3} Prior to trial, the State filed a motion seeking to allow a trained facility dog to be present in the courtroom when the victim testified at trial. Rosa-DeJesus filed an objection to the State's motion. A brief hearing was held on the motion at which the dog's handler testified. The trial court ruled that the dog could accompany the victim during her testimony at trial.

(ECF No. 8-1, Exhibit 9); *State v. Rosa-DeJesus*, No. 22CA011843, 2024 WL 3220303, 2024-Ohio-2472 (9th Dist. June 28, 2024).

## III. PROCEDURAL HISTORY

### A. <u>State Court Conviction</u>

On June 18, 2021, Mr. Rosa-DeJesus was indicted in the Lorain County Court of Common Pleas on: (1) five first-degree felony counts of rape in violation of O.R.C. §§ 2907.02(A)(1)(b) and 2907.02(B); and (2) three third-degree felony counts of gross sexual imposition in violation of O.R.C. §§ 2907.05(A)(4) and 2907.05(C)(2). (ECF No. 8-1, Exhibit 1). On July 1, 2021, Mr. Rosa-DeJesus pled not guilty to all charges. (ECF No. 8-1, Exhibit 2).

The case proceeded to trial. On February 11, 2022, the jury convicted Mr. Rosa-DeJesus on one count of rape and all three counts of gross sexual imposition. (ECF No. 8-1, Exhibit 3). The jury acquitted Mr. Rosa-DeJesus on the remaining counts of rape. *Id*. On the

same day, the trial court sentenced Mr. Rosa-DeJesus to an aggregate term of life in prison without the possibility of parole. (ECF No. 8-1, Exhibit 4).

### B. Direct Appeal

On March 9, 2022, Mr. Rosa-DeJesus, through counsel, filed a notice of appeal to the Ninth Appellate District. (ECF No. 8-1, Exhibit 5). In his appellate brief, Mr. Rosa-DeJesus raised the following assignments of error:

1. The trial court erred by allowing the alleged victim to have a dog with her as she testified on the witness stand.

2. Trial counsel was ineffective by failing to effectively cross examine the dog's handler, especially about issues raised in his written objection.

3. The trial court erred by imposing the maximum prison sentence because it fails to comply with Ohio Revised Code Section 2929.11(A).

(ECF No. 8-1, Exhibit 6).

On June 28, 2024, the Ninth Appellate District affirmed. (ECF No. 8-1, Exhibit 9). Mr. Rosa-DeJesus, through counsel, filed a timely appeal to the Ohio Supreme Court. (ECF No. 8-1, Exhibit 10). In his memorandum in support of jurisdiction, Mr. Rosa-DeJesus raised the following propositions of law:

1. Under ORC 2505.03 and 2953.02, criminal defendants have a general right to have their sentences reviewed on appeal independent of the provisions in ORC 2953.08, which guarantees a right to appeal at a clear and convincing standard of review in the specific circumstances raised in that statute.

2. Allowing a dog to accompany an accusing witness during that witness' trial testimony, in view of the jury, before the defendant is adjudicated guilty and before the accusing witness is found to be a victim of the defendant, is prejudicial to a defendant's right to a fair trial under the United States and Ohio Constitutions.

(ECF No. 8-1, Exhibit 11). On October 29, 2024, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (ECF No. 8-1, Exhibit 13).

### C. Federal Habeas Action

On or about October 29, 2025, Mr. Rosa-DeJesus, acting *pro se*, filed his 28 U.S.C. § 2254 habeas petition. (ECF No. 1).[1] Mr. Rosa-DeJesus' habeas petition raises a single ground for relief:[2]

1. Ineffective assistance of trial counsel and also appellate counsel all repersented by Stephen P. Hanudel (#008-3486) and to the Ohio even to thee Ohio Supreme Court.

*Id*. The Warden filed an answer/return of writ on February 19, 2026. (ECF No. 8). Mr. Rosa-DeJesus filed a traverse on April 30, 2026. (ECF No. 10).

## IV. STANDARDS OF REVIEW AND GOVERNING LAW

### A. Jurisdiction

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). The Lorain County Court of Common Pleas sentenced Mr. Rosa-DeJesus, and the Court takes judicial notice that Lorain County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Mr. Rosa-DeJesus' § 2254 petition.

[1] Under the "mailbox" rule, a habeas petition is deemed filed when the prisoner presents the petition to prison officials for filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F. 3d 452, 456 (6th Cir. 2012). Mr. Rosa-DeJesus does not certify in his petition when he presented it to prison officials for mailing. The envelope accompanying the petition is postmarked October 29, 2025. (ECF No. 1-2). The Warden does not dispute that Mr. Rosa-DeJesus' petition is timely, and the precise date on which he filed it is not material to any portion of the analysis.

[2] Mr. Rosa-DeJesus' ground for relief is presented verbatim.

### B. <u>Exhaustion and Procedural Default</u>

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). A claim is fairly presented when it has been asserted as a federal constitutional issue at every

stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

The Sixth Circuit has developed a four-part test to determine whether a procedural default precludes a federal court from reaching a petitioner's claim: (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with; (2) whether the state court "actually enforced" the state procedural rule; (3) whether the rule is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the procedural rule and actual prejudice from the alleged constitutional error. *Barton v. Warden, Southern Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). These factors are commonly known as the "*Maupin*" factors.

As the fourth *Maupin* factor indicates, if a procedural default has occurred, the default can be excused and will not preclude consideration of a claim on federal habeas review if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

**C. <u>Cognizable Federal Claim</u>**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Glaze v. Morgan,* No. 1:19-CV-02974, 2022 WL 467980, at *4 (N.D. Ohio Jan. 18, 2022) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quotation omitted).

**D. <u>AEDPA Standard of Review</u>**

28 U.S.C. § 2254, as amended by AEDPA, provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(*Id.*)

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We

think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.*

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable

merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## V. ANALYSIS

### A. Habeas Rule 2

The Warden first argues that the Court should dismiss Mr. Rosa-DeJesus' petition because he failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides, among other things, that a petition must "state the facts supporting each ground." The Warden's argument is well-taken.

"To comply with Habeas Rule 2(c), a petitioner must give sufficiently detailed facts to enable the court to determine 'from the face of the petition alone' whether the petition

merits further review." *Jackson v. Smith*. No. 1:10 CV 2052, 2011 WL 3566646, at *4 (N.D. Ohio June 13, 2011), *report and recommendation adopted*, 2011 WL 3566771 (N.D. Ohio Aug. 12, 2011) (quoting *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990)). "'Notice' pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error." *Johnson v. Coleman*, No. 3:15 CV 696, 2015 WL 5316254, at *2 (N.D. Ohio Sept. 10, 2015) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). "Dismissal under Rule 2(c) is appropriate in cases where . . . it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Austin v. Buchanan*, No. 4:20 CV 628, 2020 WL 8910834, at *2 (N.D. Ohio Apr. 23, 2020) (quoting *Reynolds v. Warden, Lebanon Corr. Inst.*, No. 2:19-CV-3495, 2019 WL 4862060, at *2 (S.D. Ohio Sept. 9, 2019)). Moreover, "[t]he habeas corpus rules do not require the federal courts to review the entire state court record of a petitioner to determine whether facts supporting the grounds exist." *Jackson*, 2011 WL 3566646, at *4.

In his sole ground for relief, Mr. Rosa-DeJesus pleads only that he received the ineffective assistance of trial and appellate counsel. (ECF No. 1, PageID # 3). Mr. Rosa-DeJesus does not identify any particular ways in which he believes his counsel was ineffective and does not plead any facts in support of his claims. I cannot discern from the face of Mr. Rosa-DeJesus' petition what facts or errors of law he is raising for adjudication. I thus recommend that the Court dismiss the petition under Habeas Rule 2(c). *See Coleman v. McConahay*, No. 5:21-cv-01985-CEF, 2023 WL 5417125, at *11 (N.D. Ohio July 14, 2023), *report and recommendation adopted*, 2023 WL 5417641 (N.D. Ohio Aug. 22, 2023) (recommending dismissal of ineffective assistance claims under Habeas Rule 2(c) where petitioner pled "a series of conclusory assertions" and did not "specifically explain how . . .

counsel failed to fulfill their obligations").

**B. <u>Procedural Default</u>**

The Warden alternatively argues that Mr. Rosa-DeJesus procedurally defaulted on his ineffective assistance of counsel claims because he did not raise them at all levels of the state court review process when avenues for state court review remained open to him. I agree.

"[F]ederal courts ordinarily may not 'consider a claim in a *habeas* petition that was not fairly presented to the state courts' absent cause and prejudice to excuse the procedural default." *Nian v. Warden, N. Cent. Corr. Inst*., 994 F.3d 746, 751 (6th Cir. 2021) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)) (cleaned up). "[I]t does not suffice to only present the claim to a state trial court; rather, the petitioner must raise the claim in state court and 'pursue [it] through the state's ordinary appellate review procedures." *Id*. at 751-52 (quoting *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009)).

Mr. Rosa-DeJesus raised an ineffective assistance of trial counsel claim in his direct appeal to the Ninth Appellate District, arguing that his trial counsel was ineffective in failing to properly cross-examine the handler of the victim's dog regarding whether the dog's presence was necessary for the victim to testify reliably and truthfully. (ECF No. 8-1, Exhibit 6). After the Ninth Appellate District affirmed, however, Mr. Rosa-DeJesus failed to raise an ineffective assistance claim before the Ohio Supreme Court. Instead, he argued only that he had a right to appellate review of his sentence and that the dog's presence violated his right to a fair trial. (ECF No. 8-1, Exhibit 11). Because Mr. Rosa-DeJesus did not raise his ineffective assistance of trial counsel claim at all levels of the state court review process, he has procedurally defaulted on it. *Nian*, 994 F.3d at 751-52.

In his traverse, Mr. Rosa-DeJesus appears to raise a different ineffective assistance of trial counsel argument, asserting that his counsel was ineffective in failing to advise the trial

court that Mr. Rosa-DeJesus is not fluent in English and needed a translator to understand the proceedings. (ECF No. 10, PageID # 175). However, Mr. Rosa-DeJesus never raised that claim at any level of the state court review process and thus failed to exhaust it. Nor has he argued that he has any available avenue to present the claim to the Ohio courts at this time. Accordingly, Mr. Rosa-DeJesus has also defaulted on his ineffective assistance of trial counsel claim to the extent it is premised on counsel's failure to request a translator. *See Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review").

Finally, Mr. Rosa-DeJesus alleges that he received the ineffective assistance of appellate counsel. The basis for Mr. Rosa-DeJesus' claim is not entirely clear from his petition or his traverse. However, Mr. Rosa-DeJesus did not raise any ineffective assistance of appellate counsel claim during the state court proceedings, and accordingly did not exhaust the claim.

That does not necessarily mean that he has procedurally defaulted on his claim, as Ohio Rule of Appellate Procedure 26(B) provides that "[a] defendant in a criminal case . . . may apply for reopening of the appeal from the judgment of conviction and sentence . . . based on a claim of ineffective assistance of appellate counsel." Ohio R. App. P. 26(B)(1). Rule 26(B) "offers defendants 'a separate collateral opportunity' to raise ineffective assistance claims subsequent to a direct appeal." *Goldberg v. Maloney*, 692 F.3d 534, 537 (6th Cir. 2012) (quoting *Morgan v. Eads*, 104 Ohio St. 3d 142, 143 (2004)); *see also Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004) ("[u]nder Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion for reopening before the court of

appeals pursuant to Ohio Rule of Appellate Procedure 26(B), rather than in a post-conviction proceeding")

Notably, however, Rule 26(B) also provides that "[a]ny application for reopening must be filed in the court of appeals where the appeal was decided within 90 days after the court's judgment is filed by the clerk of the court of appeals unless the applicant shows good cause for filing the application at a later time." Ohio R. App. P. 26(B)(1). Here, the Ninth Appellate District decided Mr. Rosa-DeJesus' appeal on June 28, 2024, more than a year before Mr. Rosa-DeJesus filed his habeas petition. (ECF No. 8-1, Exhibit 9). However, Mr. Rosa-DeJesus did not file a Rule 26(B) application within 90 days of the Ninth Appellate District's decision, nor is there any indication that he has filed one to date.

And, while Rule 26(B)(1) provides that a petitioner may file outside the 90-day window if he demonstrates good cause for the late filing, Mr. Rosa-DeJesus has not argued that he has good cause here. He therefore no longer has the ability to raise his claim in the Ohio courts, and he has procedurally defaulted on it. *See Goldberg*, 692 F.3d at 538 n.3 (holding that unexhausted ineffective assistance of counsel claim was procedurally defaulted where petitioner did not file Rule 26(B) application within 90 days of appellate judgment and "offered no cause for his delay, which would be difficult considering he was aware of the argument at the time he sought discretionary appeal"); *Ramirez v. Richard*, No. 16-3106, 2016 WL 11848848, at *4 (6th Cir. Nov. 22, 2016) ("unexhausted claims for ineffective assistance of appellate counsel may be deemed procedurally defaulted if, as here, the criminal defendant has not offered cause for delaying beyond the 90-day period for filing a Rule 26(B) motion").

Mr. Rosa-DeJesus' procedural default can be excused if he demonstrates either cause and prejudice or that failure to consider his claims on the merits would result in a fundamental

miscarriage of justice. *Coleman*, 501 U.S. at 750. In his traverse, Mr. Rosa-DeJesus appears to suggest that his appellate counsel erred in failing to exhaust his ineffective assistance claims on appeal. I will construe Mr. Rosa-DeJesus' *pro se* argument broadly as an argument that his appellate counsel's ineffectiveness constitutes cause to excuse his default.

Ineffective assistance of appellate counsel can constitute a basis to excuse a procedural default in some circumstances. *See Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013). "However, 'an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.'" *Id*. (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). As discussed above, Mr. Rosa-DeJesus procedurally defaulted on any ineffective assistance of appellate counsel claim by failing to timely file a Rule 26(B) application, and the alleged ineffectiveness of his appellate counsel cannot constitute cause to excuse his default. Mr. Rosa-DeJesus has not offered any other basis to excuse the default, nor has he provided new, reliable evidence showing that he is actually innocent of the offenses, as required to invoke the fundamental miscarriage of justice exception. *See Schlup*, 513 U.S. at 324. I recommend that the Court alternatively dismiss Mr. Rosa-Dejesus' petition because he has procedurally defaulted on his claims.[3]

[3] In his traverse, Mr. Rosa-DeJesus appears to assert a new, second ground for relief, arguing that his Fourteenth Amendment equal protection right was violated because the State was not required to provide evidence corroborating the victim's testimony. That argument is not properly before the Court, and I recommend that the Court decline to consider it. *See McDaniel v. Forshey*, No. 5:23-CV-01698, 2026 WL 1215058, at *11 n.8 (N.D. Ohio May 4, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1978632 (N.D. Ohio July 8, 2026) (declining to address argument raised for first time in traverse) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)); *Hall v. Watson*, No. 1:24-CV-01902-JRA, 2026 WL 1162241, at *5 n.1 (N.D. Ohio Apr.29, 2026) (report and recommendation) ("claims raised for the first time in a traverse are not properly before a district court") (quoting *Royster v. Warden, Chillicothe Corr. Inst.*, No. 18-3362, 2018 WL 8138770, at *2 (6th Cir. Aug. 23, 2018)).

## VI. RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A. Legal Standard

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; see also 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time

of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

**B. Analysis**

Mr. Rosa-DeJesus has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## VII. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court DISMISS and/or DENY Mr. Rosa-DeJesus' petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also recommend that the Court not grant him a certificate of appealability.

Dated: September 15, 2026

*Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may

> consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).